IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00894-CMA

ABBOTT LABORATORIES,

    Plaintiff-Respondent,

v.

DUSTIN FINKEL,

    Defendant-Movant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Dustin Finkel's Motion to Dismiss Plaintiff Abbott Laboratories' Conversion Claim. (Doc. # 41.) For the following reasons, the Court denies the motion.

### I.     BACKGROUND

For purposes of resolving this motion, the Court, as it must, accepts the following well-pled facts as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On December 8, 2014, Plaintiff Abbott Laboratories hired Defendant Dustin Finkel as a General Manager for its Nutrition Division. (Doc. # 1 at ¶ 7.) While Defendant worked for Plaintiff, he received access to its confidential information and trade secrets, including "communications, financial analyses, market proposals, and strategic presentations that are not known outside of Abbott's business." (*Id.* at ¶ 27.) To protect its confidential information and trade secrets, Plaintiff required Defendant to

sign confidentiality and non-disclosure agreements. (*Id.* at ¶ 29.) In addition, Plaintiff's Electronic Messages policy prohibited Defendant from backing up or storing digital information on his "personal storage devices or any websites or systems that are not managed or approved for use by Abbott." (*Id.* at ¶¶ 30–32.) The policy also prohibited any sharing of Plaintiff's electronic media with "anyone outside of Abbott, including family, friends, or business partners." (*Id.* at ¶ 31.)

During the course of Defendant's employment, he both disclosed Plaintiff's confidential information and trade secrets to a third party and transferred that information to his personal online cloud storage Dropbox account. (*Id.* at ¶¶ 33, 35.)

On February 19, 2016, Plaintiff terminated Defendant's employment. (*Id.* at ¶ 21.) Among the reasons cited for termination was that Defendant breached Plaintiff's policies by "misuse[ing] . . . Abbott's confidential and proprietary information, trade secrets, electronic information, and equipment." (*Id.* at ¶ 22.) On the date of his termination, Plaintiff's IT personnel, with Defendant's consent, deleted the confidential information and trade secrets that Defendant transferred to his personal Dropbox account. (*Id.* at 7, ¶ 37.)

However, Plaintiff later discovered that "Dropbox has a feature that allows a user to restore any file or folder removed from an active user account in the past 30 days or longer, depending on the version of Dropbox." (*Id.* at ¶ 38.) Thereafter, Plaintiff requested that Defendant certify:

> (a). . . all Abbott documents or electronic files were destroyed or deleted from any electronic or physical storage location owned or used by the third party to whom Finkel disclosed Abbott's confidential information and trade secrets;

> and (b) allow Abbott to monitor his Dropbox account activity
> and ensure that the deletion restoration feature was not
> activated.

(*Id.* at ¶ 40.)

Additionally, Plaintiff sought to have a third-party forensic consultant examine Defendant's Dropbox account to ensure that all of Plaintiff's records and information were deleted and not re-downloaded, "transferred, or forwarded to any other individual, entity, electronic device, or cloud storage." (*Id.* at ¶ 41.) Defendant did not provide the certification, nor did he consent to Plaintiff's request to have a third-party forensic consultant examine his Dropbox account. (*Id.* at 8, ¶ 42.)

Plaintiff alleges that Defendant's refusal to allow Plaintiff to monitor his Dropbox account and ensure the deletion of Plaintiff's information potentially contained therein or transferred elsewhere, creates a risk that Defendant will further disclose its confidential information and trade secrets. (*Id.* at ¶ 44.) Plaintiff further argues that Defendant's refusal deprives "[Plaintiff] of its efforts to maintain the secrecy of its confidential information and trade secrets, which if disclosed further to a person or entity seeking to compete with [Plaintiff] would cause substantial harm." (*Id.* at ¶ 45.)

Plaintiff initiated this suit on April 12, 2017, asserting claims of breach of contract, conversion, and misappropriation of trade secrets. (Doc. # 1 at 8–11.) On August 30, 2017, Defendant filed a motion to dismiss Plaintiff's conversion claim under Federal Rule of Civil Procedure 12(b)(6) arguing that (1) the claim is preempted by the Colorado Uniform Trade Secrets Act ("CUTSA"), and (2) the allegations in the complaint show that Defendant was authorized to access and use Plaintiff's proprietary information and

that he returned it to Plaintiff upon its request. (Doc. # 41 at 4–5.)

## II. **STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.

*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## III. **ANALYSIS**

### A. **CONVERSION**

To assert a claim of conversion, Plaintiff must show: (1) Plaintiff has a right to the

4

property at issue; (2) Defendant has exercised unauthorized dominion or ownership over the property (3) Plaintiff has made a demand for possession of the property; and (4) Defendant refuses to return it. *See Glenn Arms Assocs. v. Century Mortg. & Inv. Corp.*, 680 P.2d 1315, 1317 (Colo. App. 1984). "Although the act of conversion takes place at the time the converter takes dominion over the property, predicates to a successful claim for conversion are the owner's demand for the return of property, and the controlling party's refusal to return it." *Id.*

First, it is undisputed that Plaintiff has a right to the property at issue and that Plaintiff has made a demand for possession of the property. The Court therefore addresses only elements two and four.

With respect to element two, Plaintiff alleges that Defendant "exercised dominion or ownership" over Plaintiff's trade secrets and confidential information when Defendant transferred the information, without authorization, to his personal Dropbox account and provided that information to a third party. (Doc. # 45 at 7.) Although Plaintiff authorized Defendant to access the information, Plaintiff argues that it did not authorize Defendant to transfer the information to his Dropbox account and share it with third parties. (*Id.* at 7–8.) Moreover, Plaintiff asserts that, despite Plaintiff's previous attempts to delete the information, Defendant can still restore the trade secrets and confidential information at any time and therefore has "dominion or ownership" over the documents. (Doc. # 45 at 7–9.) Taking these allegations as true, the Court finds that they are sufficient to state a plausible cause of action with respect to element two of Plaintiff's conversion claim.

With respect to element four, Plaintiff argues that Defendant's refusal to allow

5

Plaintiff to re-access his Dropbox account and delete any potentially restored information constitutes a refusal to return Plaintiff's property for the purpose of Plaintiff's conversion claim. Defendant has also refused to certify that he has not recovered the documents. The Court concludes that Plaintiff has sufficiently pled the fourth element.

Because Plaintiff's complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, Defendant's motion to dismiss Plaintiff's conversion claim on these grounds is denied.

**B.     PREEMPTION**

Defendant also contends that the Court should dismiss Plaintiff's conversion claim because it is preempted by the CUTSA.

Under the CUTSA, a plaintiff may recover damages for misappropriation of its trade secrets. Colo. Rev. Stat. § 7-74-104(1). The CUTSA preempts common law claims that "conflict" with its trade secret misappropriation provisions. *Powell Prods. Inc. v. Marks,* 948 F. Supp. 1469, 1474 (D. Colo. 1996). The Tenth Circuit explained this "conflict" as follows: if a common law claim is no more than a restatement of the same operative facts which would plainly and exclusively spell out trade secret misappropriation, preemption is appropriate. *Id.* "[T]he salient question . . . is whether [the] challenged common law claim depends solely on a finding of trade secret status to be actionable. Where it does not, the claim is not preempted." *Virtual Cloud Servs., Inc. v. CH2M Hill, Inc.*, No. 02-CV-01004, 2006 WL 446077, at *2 (D. Colo. Feb. 21, 2006) (quoting *Powell*, 948 F. Supp. at 1474.)

Plaintiff's conversion claim is an example of a claim that may be preempted in

part by the CUTSA.  Plaintiff alleges that Defendant stole proprietary "confidential information and/or trade secrets," which it defines as "among other things, communications, financial analyses, market proposals, and strategic presentations that are not known outside of Abbott's business" as well as "marketing, tactical, and financial information and business plans."  (Doc. # 1, ¶¶ 27, 34, 60.)  To the extent that any of this information qualifies as a "trade secret" under Colo. Rev. Stat. § 7-74-102(4), then, Plaintiff's conversion claim "would be no more than a restatement of the same operative facts which would plainly and exclusively spell out trade secret misappropriation."  *Powell Prods. Inc.,* 948 F. Supp. at 1474.  However, to the extent Plaintiff is seeking to recover for confidential information that does not rise to the level of a trade secret or has value "independent of its value as a trade secret," Plaintiff's claim would not be preempted.  *Virtual Cloud*, 2006 WL 446077, at *4.

At this stage in the litigation, the Court is without a sufficient record to determine whether some, part, or all of Plaintiff's conversion claim depends on a finding of trade secret status and is, therefore, preempted by the CUTSA.[1]  Indeed, none of the allegedly converted information has been presented to the Court, nor has it been described in much detail.

Moreover, as Plaintiff has argued, Federal Rule of Civil Procedure 8(e)(2) allows a party to plead in the alternative, even where the alternative claims are inconsistent.  *See Lawser v. Poudre Sch. Dist. R-1*, 171 F. Supp. 2d 1155, 1158 (D. Colo. 2001)

---

[1] The Court notes that Plaintiff's claim for misappropriation of trade secrets does not expressly invoke the CUTSA, nor does it distinguish which allegedly misappropriated information constitutes a trade secret and which information does not.  (Doc. # 1, ¶¶ 65–73.)

7

(there is no requirement that alternative theories be consistent). Thus, under Rule 8, dismissal under Rule 12(b)(6) is inappropriate at this stage in the proceedings.

Accordingly, the Court denies Defendant's request to dismiss Plainitiff's claim on preemption grounds.

## IV. **CONCLUSION**

Based on the foregoing analysis, the Court DENIES Defendant's Motion to Dismiss for Plaintiff's Conversion Claim (Doc. # 41).

DATED: November 17, 2017

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge